JOURNAL ENTRY and OPINION
{¶ 1} In State v. Sweeney (Dec. 20, 2001), Cuyahoga App. No. 79751, we reversed the imposition of consecutive sentences on guilty pleas to several counts of sexual offenses committed against minors on defendant Michael Sweeney because the sentencing court failed to "engage in the statutory analysis required by R.C. 2929.14(E)(4) for imposing consecutive sentences." On remand, the court imposed a seven-year term for attempted rape, an eight-year term for rape, an eighteen-month term for corruption of a minor, and a six-month term for child endangering. The seven, eight and eighteen month terms were ordered to be served consecutively, with the six-month term to be served concurrently. Sweeney appeals, claiming that the consecutive sentences were not adequately supported with the necessary considerations.
 {¶ 2} When the court chooses to impose consecutive sentences, it must make findings on the record that cite to specific statutory criteria, as well as the court's reasons for making those findings. As set forth in R.C. 2929.14(E)(4), those findings are whether consecutive sentences are necessary to protect the public from future crime or to punish the offender. In addition, the court must consider whether consecutive sentences are proportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Finally, as applicable to this case, the court had to find either that (1) the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct or (2) that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. R.C. 2929.14(E)(4)(b)and (c).
 {¶ 3} Sweeney concedes that the court made the necessary findings for imposing consecutive sentences, but argues that the court failed to state adequate reasons for those findings. His argument takes the following form: as a first-time felony offender, Sweeney was entitled to the statutory presumption for the minimum term. See R.C. 2929.14(B). Although the court decided to impose more than the minimum prison term, Sweeney nonetheless believes that the presumption of a minimum term must count for something, and the court should not have imposed consecutive sentences in light of this presumption.
 {¶ 4} During the resentencing, the court found that a minimum sentence would demean the seriousness of the offense because of the harm that Sweeney had caused to his victims. There were five victims, all under the age of ten. The victims were related to Sweeney's girlfriend, with whom he cohabitated, and Sweeney's relationship with his girlfriend placed him in a position of authority over the children.
 {¶ 5} The court also found that Sweeney himself had been the victim of abuse as a child. Information provided to the court showed that one of Sweeney's victims, a six-year-old, had tried to have sex with a younger child as a result of what that six-year-old had learned from Sweeney. Hence, the abuse perpetrated upon Sweeney had come full circle and those he victimized were becoming the victimizers.
 {¶ 6} Finally, the court noted Sweeney's complete lack of remorse, both at the initial sentencing and at resentencing.
 {¶ 7} With these facts on the record, the court concluded that consecutive sentences were necessary to keep Sweeney in prison. The court was concerned that if consecutive sentences were not ordered, the twenty-one-year-old Sweeney would be released from prison in eight years, when he would be only twenty-nine-years-old. The court stated, "I can't really think of a more serious threat to the children of our community than Mr. Sweeney." Labeling the offenses as "heinous," the court found that consecutive sentences were necessary as a means of protecting the public from future crime. The court's reasons adequately supported its findings.
 {¶ 8} Sweeney makes a poor argument that the statutory presumption of a minimum sentence afforded to an offender who has not previously served a prison term is justification for not imposing consecutive sentences. Once the court validly rejected a minimum sentence, Sweeney's lack of any felony prison time carried no special weight under the circumstances. As the court made clear when stating its reasons, it believed that the nature of the crimes perpetrated against the child victims bode poorly for his prospects, particularly when viewed against the total lack of remorse that he had shown during the proceedings.
 {¶ 9} Sweeney argues that the court could not validly find he posed a threat of recidivism. Citing to an Ohio Department of Rehabilitation and Corrections study that he did not introduce into evidence, Sweeney argues that sex offenders do not have a higher rate of recidivism than other offenders.
 {¶ 10} Both the General Assembly and the Ohio Supreme Court have noted in the context of sexual predator classifications that recidivism rates among sexual offenders are significant enough to warrant the sexual offender registration laws. See R.C. 2950.02(A)(2); State v. Eppinger
(2001), 91 Ohio St.3d 158, 159-162. Sweeney's multiple crimes perpetrated against multiple victims in itself showed a form of recidivism. The court could validly consider that the circumstances of the crimes were not an instance when an offender committed a one-time sexually-oriented offense. The large number of victims suggested a deeper pathology that could lead the court to believe that Sweeney's conduct may be more likely to occur in the future.
 {¶ 11} We note that Sweeney's legal argument relies almost exclusively on a panel decision in State v. DeAmiches (Mar. 1, 2001), Cuyahoga App. No. 77609. DeAmiches is not controlling for any proposition of law since the panel opinion did not command a majority of the judges hearing the case — two of the three judges on that panel concurred in judgment only. Anything said in the opinion is pure dicta and not binding on any other panel of this court. See American Diversified Devs.v. Hilti Constr. Chem. (Oct. 29, 1998), Cuyahoga App. Nos. 73116 and 73168, fn. 1.
 {¶ 12} Sweeney also argues that the court should have considered a lesser sentence as a means of conserving the financial resources of the state. To make this point, he cites to data not in evidence before the court, so that argument cannot be considered by us. But even were we to acknowledge the yearly costs of housing a prisoner as a factor the court should consider when imposing sentence, that factor would not compel a finding that the court abused its discretion by ordering consecutive sentences. The fundamental facts of this case show a reprehensible rape of five very young children, and Sweeney's total lack of remorse. The court received information that at least one of the victims had been acting out the same behavior with another young child. The far-reaching affects of Sweeney's acts were more than sufficient to justify his incarceration as a measure to both punish him and protect the public from future harm.
 {¶ 13} This leads to the proportionality review. Sweeney claims that the court failed to make a direct review of other cases of sexual assault against children. Although the court did not engage in a direct proportionality review, we think it manifest from the record that Sweeney's sentence was not an abuse of discretion. In reaching this decision, we are mindful that the Ohio Supreme Court has told the appellate courts that they are not to substitute their judgment for that of the sentencing court. See State v. Jones, 93 Ohio St.3d 391,2001-Ohio-1341.
 {¶ 14} Our review of sentences is necessarily hampered by the unavailability of data showing commensurate sentences for like offenses. Not only did Sweeney fail to present statistics or data from comparable offenses, it is unlikely that the court itself had any more to fall back on then personal experience. See State v. Haamid, Cuyahoga App. No. 80161 and 80248, 2002-Ohio-3243, ¶ 29-34 (Karpinski, J., concurring).
 {¶ 15} Our independent review of similar cases, however, shows the total sentence of sixteen years to be within an acceptable range of sentences imposed on like offenders. A very similar case is State v.Carter, Lucas App. No. L-00-1082, 2002-Ohio-3433, where the Sixth District found no error in the imposition of consecutive nine-year terms of incarceration for two counts of rape of a person under the age of thirteen. See, also, State v. Moore, Stark App. No. 2001CA00253, 2002-Ohio-4066 (affirming two consecutive nine-year sentences for two counts of rape of two five-year-old children); State v. Pickering, Allen App. Nos. 1-02-12 and 1-02-27, 2002-Ohio-3630 (affirming three consecutive five-year sentences for three counts of gross sexual imposition against minors with whom he had a "trust factor" and "relationship").
 {¶ 16} Because the court adequately stated both the requisite findings and its reasons in support of making those findings, we overrule the assignment of error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J., CONCURS IN JUDGMENT ONLY.
DIANE KARPINSKI, J., CONCURS IN JUDGMENT ONLY.